[Cite as *In re Guardianship of Moton*, 2011-Ohio-809.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| THE GUARDIANSHIP OF | |
| WILLIE BERNEASE MOTON | |
| | Case No. 10CA82 |

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Probate Division, Case No. 2007-2021 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | February 22, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Appellee | For Appellant |
| Richland County Probate Court<br>50 Park Avenue East<br>Mansfield, Ohio 44903 | Ronald E. Moton, Sr., Sibling of Ward<br>293 Second Avenue<br>Mansfield, Ohio 44902 |

*Hoffman, P.J.*

{¶1} Appellant Ronald E. Moton, Sr. appeals the June 3, 2010 Judgment Entry entered by the Richland County Court of Common Pleas, Probate Division, which dismissed his objections and/or exceptions to the April 19, 2010 final guardian's account.

STATEMENT OF THE CASE AND FACTS

{¶2} On April 3, 2007, an Application for Appointment of Guardian of Alleged Incompetent Willie Bernease Moton ("the Ward") was filed in the Richland County Court of Common Pleas, Probate Division. Appellant is one of the Ward's children. The trial court scheduled a hearing on the application for April 17, 2007. Notices of the hearing were sent via certified mail to Appellant and his siblings. A court investigator filed a report on the proposed guardianship on April 16, 2007, recommending guardianship over the Ward's person and estate. On April 27, 2007, the trial court appointed Martina Goines as guardian over the Ward's person, and Attorney Edith A. Gilliland as guardian of the estate.

{¶3} Martina Goines filed a motion for removal of Attorney Gilliland as guardian of the estate on July 19, 2007. The trial court conducted a hearing on the motion on August 15, 2007. Subsequently, the trial court appointed Attorney Joseph Jerger as interim guardian of the estate. Attorney Jerger was later appointed successor guardian. On September 18, 2007, Appellant filed a memorandum with the trial court, questioning some issues regarding the Ward. Appellant also asked the court to remove the Ward's personal guardian. The trial court conducted a three day hearing on Appellant's concerns. Via Judgment Entry filed July 10, 2008, the trial court ordered Martina

Goines be immediately removed as guardian of the Ward's person, found Appellant unsuitable to serve as successor guardian of the Ward's person, and appointed Attorney Jerger as the successor guardian of the Ward's person in addition to being guardian of the Ward's estate.

{¶4} On February 25, 2010, Attorney Jerger filed a Motion for Authority to Code the Ward, seeking a court order amending his Letters of Guardianship to permit him to code the Ward and discontinue nutrition, hydration and respiration necessary to sustain life. The trial court scheduled the matter for hearing on March 4, 2010. Appellant filed an objection to Attorney Jerger's motion as well as Attorney Jerger's account statement. Via Judgment Entry filed March 4, 2010, the trial court granted Attorney Jerger's Motion to Amend his Letters of Guardianship, authorizing him to code the Ward as a "Do Not Resuscitate, Comfort Care Only" patient. The trial court also ordered Attorney Jerger not to discontinue or deny nutrition and/or hydration necessary to sustain the Ward's life without further order from the court.

{¶5} Attorney Jerger filed a guardian's account pursuant to R.C. 2109.30 on March 18, 2010. Attorney Jerger also filed an application for authority to pay attorney fees on the same day. Appellant filed objections to the application as well as a motion to have the account audited. Via Judgment Entry filed March 25, 2010, the trial court denied Appellant's request a certified public accountant be designated to audit the Ward's account at the Ward's expense. Attorney Jerger filed an application to terminate the guardianship after the Ward died on March 28, 2010. Attorney Jerger filed the final guardian's account on April 19, 2010. The trial court issued a Judgment Entry on June 3, 2010, dismissing Appellant's objections and/or exceptions to the final account.

{¶6} It is from this judgment entry Appellant appeals.

{¶7} Appellant's brief in this matter is far from being in compliance with the Appellate Rules.

{¶8} App. R. 16(A), which sets forth the requirements for a brief filed with this Court, provides:

{¶9} "The appellant shall include in its brief, under the headings and in the order indicated, *all* of the following:

{¶10} "(1) A table of contents, with page references.

{¶11} "(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

{¶12} "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

{¶13} "(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

{¶14} "(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

{¶15} "(6) A statement of the facts relevant to the assignments of error presented for review, with appropriate references to the record * * *

{¶16} "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

{¶17} "(8) A conclusion briefly stating the precise relief sought." App.R. 16.

**{¶18}** Appellant's brief does not contain: 1) a table of contents; 2) a table of cases; 3) a statement of assignment(s) of error; 4) a statement of issues; 5) a statement of the case; or 6) a statement of facts with reference to the record. [1]

**{¶19}** We find Appellant's brief does not minimally satisfy the requirements of App. R. 16; therefore, is noncompliant. Absent minimal compliance with App. R. 16(A), this Court cannot reasonably respond to Appellant's claims, and may, in its discretion, disregard those claims. See, *Foster v. Board of Elections* (1977), 53 Ohio App.2d 213, 228, 373 N.E.2d 1274. Such deficiencies are tantamount to failure to file a brief. Pursuant to the authority granted to this Court under App. R. 18(C), we dismiss Appellant's appeal for failure to file a brief.

**{¶20}** Furthermore, Appellant's brief does not contain an acknowledgment of service or a proof of service upon the proper opposing party as required by App.R. 13. Pursuant to App.R. 13(D), this Court cannot consider any pleading which does not contain "an acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service." Appellant's proof of service indicates he served his brief on the Richland County Prosecutor's Office rather than on the Guardian or the Guardian's counsel. Accordingly, we dismiss Appellant's appeal

---

[1] Appellant's only reference is to Exhibits attached to his purported brief, not to the trial court record.

for want of prosecution. *Education Resources Inst. v. Grover,* Stark App. No.2003CA00379, 2004-Ohio-3057, ¶ 8.

By: Hoffman, P.J.

Delaney, J. concurs,

Edwards, J. dissents

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

EDWARDS, J., DISSENTING OPINION

{¶21} I dissent from the majority's decision to dismiss appellant's appeal for failure to comply with App.R. 16(A) and for failing to contain an acknowledgment of service or proof of service as required by App.R. 13.

{¶22} With respect to App.R. 16(A), I believe that while appellant's brief fails to comply with App.R. 16, the gist of appellant's arguments can be gleaned from his brief, and, in fact, we conducted oral arguments thereon. I would, therefore, address appellant's arguments.

{¶23} As for the lack of proof of service, as noted by the majority in its Opinion, appellant incorrectly served his brief on the Richland County Prosecutor's Office rather than on the Guardian or the Guardian's counsel. I would continue this matter to allow appellant to serve his brief on the Guardian or his counsel and would then establish a further briefing schedule as well as allow appellee to request de novo oral arguments.

s/ Judge Julie A. Edwards_____

Judge Julie A. Edwards

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF                               :
                                              :
THE GUARDIANSHIP OF                           :
                                              :
WILLIE BERNEASE MOTON                         :
                                              :        JUDGMENT ENTRY
                                              :
                                              :
                                              :        Case No. 10CA82

For the reasons stated in our accompanying Opinion, we dismiss Appellant's appeal for want of prosecution. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


_____
HON. JULIE A. EDWARDS


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY